IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BT HOLDINGS LLC,                         )
                                         )
            Plaintiff,                   )       TC-MD 110952N
                                         )
      v.                                 )
                                         )
MULTNOMAH COUNTY ASSESSOR,               )
                                         )
            Defendant.                   )       **DECISION OF DISMISSAL**

      This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

October 27, 2011.

      Plaintiff appeals the real market value of property identified as Account R567123

(subject property) for the 2006-07 through 2010-11 tax years. The subject property "is vacant

land, not an improved property[.]" (Def's Ltr, Jan 23, 2012.) The court issued an Order on

December 13, 2011, setting out a schedule pursuant to which the parties were to submit written

arguments concerning Defendant's Motion. The parties submitted additional written arguments

as requested by the court's Order.

      Defendant requests that Plaintiff's appeal of the 2006-07 through 2008-09 tax years be

dismissed because those tax years "are beyond the authority of ORS 305.288." (Def's Ltr, Jan

23, 2012.) Defendant requests dismissal of Plaintiff's appeal of the 2009-10 and 2010-11 tax

years because Plaintiff did not "first file[] with the Board of Property Tax Appeals [BOPTA]

before the complaint was filed in this court." (Def's Mot at 1.) Defendant further notes that

Plaintiff has "not allege[d] facts showing good and sufficient cause for [its] failure to pursue the

statutory right of appeal[]" under ORS 305.288(3). (*Id.*) In response, Plaintiff states that it "did

in fact appeal to the [BOPTA] on July 1, 2011." (Ptf's Resp at 1.) Plaintiff included as "Exhibit

A" a letter dated July 25, 2011, from the Multnomah County BOPTA Clerk to Plaintiff stating:

> "This letter serves to inform you that the [BOPTA] Appeal and any supporting documentation filed in Multnomah County on 7/25/2011 are being returned to you. The board adjourned the session on 4/15/2011. The [BOPTA] only has jurisdiction to rule on the current tax year.
>
> "Enclosed in an Oregon Tax Court Magistrate Division appeal form if you choose to continue with your appeal. You should contact that jurisdiction to discuss any qualifications necessary to file."

(Ptf's Resp at Ex A.) Plaintiff interprets that letter from the BOPTA clerk to mean that "the BOPTA only has jurisdiction to rule on the current tax year and to contact the Oregon Tax Court Magistrate Division to continue the appeal." (Ptf's Resp at 1-2.)

A.      *Plaintiff's appeal of the 2006-07 through 2008-09 tax years*

The Oregon legislature has enacted laws that guide a taxpayer challenging the real market value assigned to their properties. The first step in the appeal process is to file a petition with the county board of property tax appeals (board). ORS 309.100.[1] After a board order is issued, a taxpayer has 30 days to appeal to this court under ORS 305.280(4). In limited circumstances, this court will consider an appeal of real market value even if the taxpayer failed to file an appeal with the board or failed to timely appeal a board order to this court. ORS 305.288 provides, in pertinent part:

> "(1) The tax court shall order a change * * * applicable to a separate assessment of property to the assessment and tax roll *for the current tax year or for either of the two tax years immediately preceding the current tax year*, or for any of those tax years, if all of the following conditions exist[.]
>
>> "(a) For the tax year to which the change * * * is applicable, the property was or is used primarily as a dwelling * * *.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2007. The 2005, 2007, and 2009 ORS are applicable. The 2005, 2007, and 2009 ORS provisions cited in this Decision of Dismissal are not materially different for the purposes of this analysis.

"(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent.

"* * * * *

"(3) The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll *for the current tax year and for either of the two tax years immediately preceding the current tax year* if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal.

"* * * * *

"(5) For purposes of this section:

"(a) 'Current tax year' has the meaning given the term under ORS 306.115."

(Emphasis added.) The current tax year is defined by ORS 306.115(5) as "the tax year in which the need for the change or correction is brought to the attention of the department." The tax year begins on July 1 and ends on June 30. ORS 308.007(1)(c). Plaintiff's Complaint was filed on August 30, 2011, which was during the 2011-12 tax year; thus, the "current tax year" is the 2011-12 tax year. Plaintiff's appeal of the 2006-07 through 2008-09 tax years are beyond the jurisdiction of the court under ORS 305.288 and must, therefore, be dismissed.

B.      *Tax years 2009-10 and 2010-11*

As stated above, ORS 305.288 allows for an appeal to this court of the current tax year and "either of the two tax years immediately preceding the current tax year." ORS 305.288(3). Plaintiff's appeal of the 2009-10 and 2010-11 tax years are within the time frame identified by ORS 305.288. However, there are additional requirements for an appeal under ORS 305.288. Under ORS 305.288(3), the court can order a change or correction to the tax roll only if there is

"good and sufficient cause" for the taxpayer's failure to follow the prescribed appeal process.[2]
Based on Plaintiff's Response filed January 13, 2012, it appears that Plaintiff did not timely appeal to BOPTA for the 2010-11 tax year. (Ptf's Resp at 1.) Plaintiff has not provided any explanation for its failure to timely appeal either the 2009-10 or 2010-11 tax years. Thus, Plaintiff has not met the requirement for good and sufficient cause under ORS 305.288(3) and Plaintiff's appeal of the 2009-10 and 2010-11 tax years must be dismissed.

Plaintiff's appeal of the 2006-07 through 2008-09 tax years are beyond the authority of the court under ORS 305.288 and must, therefore, be dismissed. Plaintiff did not timely appeal the 2009-10 or 2010-11 tax years to BOPTA and did not establish good and sufficient cause for its failure to timely file under ORS 305.288(3). Defendant's Motion must, therefore, be granted and Plaintiff's Complaint must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ___ day of February 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Magistrate Pro Tempore Allison R. Boomer on February 15, 2012. The Court filed and entered this document on February 15, 2012.*

---

[2] ORS 305.288(1) is not applicable in this case because the subject property is vacant land; it was not "used primarily as a dwelling" for the tax years at issue, as required under ORS 305.288(1)(a).